UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT SPANN, | Case No.: 1:18 CV 2700 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| DAVID HANNAH, et al., | |
| | MEMORANDUM OPINION |
| Defendants | AND ORDER |

## I. INTRODUCTION

Plaintiff Albert Spann ("Plaintiff" or "Spann") is a state prisoner in the custody of the Ohio Department of Rehabilitation and Corrections ("ODRC") and is confined at the Grafton Correctional Institution ("GCI"). He brings this action pursuant to 42 U.S.C. § 1983 against eight defendants whom Plaintiff alleges are all direct or contract employees of the ODRC and/or GCI and are responsible for providing medical care to Ohio prisoners. (Compl., ECF No. 1 ¶¶ 3-4). Spann sues these defendants in their official and individual capacities, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment: (1) David Hannah ("Hannah"), GCI Health Care Administrator; (2) Janice Douglas ("Douglas"), GCI Institutional Physician; (3) Nurse Mitchell ("Mitchell"), GCI Pharmacy Nurse; (4) Nurse Snowden ("Snowden"), GCI; (5) Mr. Chris, Nurse Franklin Medical Center; (6) Stephanie Adams ("Adams"),

GCI; (7) Unknown doctor, Franklin Medical Center; and (8) Unknown nurses, Franklin Medical Center (collectively, "Defendants").

For the reasons that follow, this case is dismissed.

## II. BACKGROUND

Plaintiff states that he has been diagnosed with glaucoma and receives treatment from Defendants. (*Id*. ¶ 5). His complaint consists of a chronology of events regarding treatment of that condition. Briefly, Plaintiff alleges that, between November 2017 and October 2018, Defendants prescribed, dispensed, or administered glaucoma medication to which he is allergic. Plaintiff's glaucoma medications were changed multiple times by Douglas in response to swelling, itching, redness, and pain in his eyes. Plaintiff alleges that on a few occasions, Mitchell dispensed and Snowden and/or Hannah administered, glaucoma medication to which he was allergic and was "discontinued" by the doctor. When Plaintiff did experience the above-described symptoms, he received treatment ranging from the application of ice to his eyes to transfer to a medical facility.

In September and October 2018, Dr. Fillmore, a GCI optometrist who is not a defendant in this action, changed Plaintiff's medication to "Brimonidine." Plaintiff alleges that "the GCI defendants herein refused" to provide the prescribed medication, but by the end of October, Plaintiff did receive the medication prescribed by Fillmore. (*Id*. ¶¶ 19, 21).

Plaintiff filed multiple informal complaints at GCI regarding the medical treatment he received for his glaucoma, which he refers to and attaches to the Complaint. (*Id*. ¶ 25). Plaintiff claims that Defendants' conduct constitutes deliberate indifference to his serious medical needs, causing pain and jeopardy to his sight, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id*. ¶¶ 27-32). For relief, Plaintiff seeks a declaration that

Defendants violated his federal rights, compensatory and punitive damages in the amount of One Million Dollars each, and injunctive relief requiring that Defendants cease and desist the conduct of which he complains. (*Id*. at 6-7).

### III. LAW AND ANALYSIS

#### A. Standard of Review

Because Plaintiff is *pro se*, the Court must liberally construe the Complaint. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That said, *pro se* litigants are not exempted or excused from the Federal Rules governing pleading and dismissal for failure to state a claim. *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993). Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss any such action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous.").

When determining whether the Plaintiff has stated a plausible claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555. The court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal citations omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (internal quotation marks and citations omitted).

### B. Section 1983 Claim for Deliberate Indifference to a Serious Medical Need

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). In this action, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

The Eighth Amendment's prohibition against cruel and unusual punishment proscribes punishment that is incompatible with "'the evolving standards of decency that mark the progress of a maturing society'" and, under that standard, obligates the government to provide medical care for incarcerated prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The government runs afoul of the Eighth Amendment with respect to inmate medical care when it is deliberately indifferent to a prisoner's serious medical needs. *Id.* at 105-06.

In order to prevail on a deliberate indifference claim, Plaintiff must establish two prongs consisting of an objective component and a subjective component, both of which must be satisfied.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. (citation omitted). The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

### C. Analysis

The court will assume for the purpose of this analysis that Plaintiff's glaucoma constitutes a medical condition that is "sufficiently serious" to implicate the Eighth Amendment. *See Washington v. Bennett-Baker*, No. 6:14-172-GFVT, 2015 WL 5768959, at *4 (E.D. Ky. Sept. 30, 2015) ("In light of Washington's lengthy and established medical history of cataracts and glaucoma, there is little question that his medical conditions were 'sufficiently serious' to implicate the Eighth Amendment."). Plaintiff received extensive treatment for his glaucoma, including care by a doctor at GCI and appointments with eye care specialists. If he experienced problems with medications, they were addressed. Plaintiff does not indicate how frequently he received glaucoma medication over the eleven month period at issue, but alleges that during that time period he sometimes received glaucoma medication to which he was allergic and was "discontinued" by the doctor.

Plaintiff fails to establish the second component of a deliberate indifference claim based upon the facts alleged in the Complaint and attachments thereto. The subjective component requires that the defendant subjectively perceive facts from which to infer substantial risk of harm to the prisoner, draw that inference, then disregard the risk. *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir.

2001) (citing *Farmer*, 511 U.S. at 837). In this case, Plaintiff must show that Defendants had a culpable state of mind when they prescribed/administered medication for Plaintiff's glaucoma to which he was allegedly allergic. "To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Corr. Med. Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison Cty. Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994)); *Cobbs v. Pramstaller*, 475 F. App'x 575, 580 (6th Cir. 2012) (To establish subjective culpability, Plaintiff must plausibly allege that Defendants' conduct constituted a "deliberateness tantamount to an intent to punish.") (quoting *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir. 1993) (further citation omitted)).

### Defendants Douglas and Adams

Plaintiff alleges that in November 2017, Douglas prescribed Dorzolamide eye drops for his glaucoma, but he suffered an allergic reaction to this drug, and Douglas prescribed Timolol instead. (Compl. ¶ 6). On August 17, 2018, Douglas again prescribed Timolol for his glaucoma, but he told her that this medication also causes an allergic reaction. Plaintiff claims that Douglas told him to continue taking the medication notwithstanding his reaction. (*Id*. ¶ 16). Plaintiff alleges that on August 23, 2018, nurse practitioner defendant Adams, "ignoring the warnings documented in his medical record," again prescribed Timolol for his glaucoma. (*Id*. ¶ 18).

Glaucoma is a serious medical condition and balancing the risks between treatment of the condition and side effects of the medication is an exercise of a doctor's medical judgment. Where a prisoner has received medical attention for a serious medical condition and the dispute is over the appropriateness of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857,

860 n.5 (6th Cir. 1976); *Walker v. Abdellatif*, No. 1:07CV1267, 2009 WL 579394, at *7 (W.D. Mich. Mar. 5, 2009) (doctor's choice to continue medication for Chron's disease even though medication may cause allergic reaction involved the exercise of the doctor's medical judgment and did not implicate a federal constitutional violation) (citing among authority *Smith v. Sator*, 102 F. App'x 907, 909 (6th Cir. 2004)); *Christensen v. United States*, No. CIV. 5:11-321-KKC, 2013 WL 4521040, at *4 (E.D. Ky. Aug. 26, 2013) ("[Doctor's] decision to continue [prisoner's] prescription for [aspirin] was evidently based upon her medical judgment that its benefits to his long-term cardiac health outweighed its detrimental side effects. Such balancing of competing goals is one of medical judgment, and is the antithesis of deliberate indifference to [prisoner's] medical care.") (citation omitted).

Plaintiff's disagreement with Douglas and Adams regarding the exercise of their medical judgment in balancing the choice of drugs to treat his glaucoma and the side effects of those drugs may support a claim for medical malpractice,[1] but does not support a plausible claim for deliberate indifference under the Eighth Amendment, and Douglas and Adams are dismissed from this action pursuant to § 1915(e)(2). *Washington*, 2015 WL 5768959, at *4 ("Where, as here, the plaintiff has received abundant medical treatment [for glaucoma] but merely disagrees with the course of treatment determined by physicians in the exercise of their medical judgment, his claim sounds in state tort law-it does not state a *prima facie* claim of deliberate indifference under the Eighth Amendment.") (citing *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004)); *see also Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir. 2005) ("'When a prison

---

[1] In his motion for appointment of counsel, Plaintiff identifies this action as a "medical malpractice suit." (ECF. No. 4).

-7-

doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'") (quoting *Comstock*, 273 F.3d at 703).

**Defendants Snowden, Mitchell, and Hannah**

Plaintiff alleges that in January 2018, Snowden (a prison nurse)[2] administered Dorzolamide to which he is allergic and discontinued by Douglas in November 2017. (Compl. ¶¶ 6, 9). In March 2018, Plaintiff alleges that Mitchell dispensed Dorzolamide, a drug to which "Plaintiff's allergy is documented,"[3] instead of the Timolol prescribed by Douglas. (*Id*. ¶¶ 6, 10). In May 2018, Plaintiff alleges that Mitchell again dispensed a drug to which Plaintiff was allergic and had been discontinued, which was then administered by Snowden, with the "approval" of Hannah.[4] Plaintiff

---

[2] In January 2018, Plaintiff claims that he had "numerous conflicts" with Snowden who "insisted" on administering the eye drops to treat his glaucoma. Plaintiff alleges that when administering his eye drops, Snowden refused to wear gloves and was rude and disrespectful to Plaintiff and called him names. When Plaintiff asked that someone else administer he drops, he was told that he could not "pick the nurse that you want to administer the drops." (Compl. ¶ 8; ECF No. 1-5 at 1).

[3] Plaintiff repeatedly claims that his allergies to certain medications were "documented" and that Defendants ignored the contents of Plaintiff's medical record, but he does not plausibly allege that his medication allergies to Dorzolamide, Atropine, and Timolol, were actually or accurately documented in his medical record. In the grievance documents filed with the Complaint, Plaintiff asserts that "my medical records *should reflect* that I am allergic to the two drugs (Dorzolamine and Atropine) and that they have been discontinued" (ECF No. 1-7 at 2 (emphasis added)). Moreover, while Plaintiff claims that all Defendants ignored the contents of his medical record, he does not allege that the Defendants actually read his medical record and/or were aware of its contents. Even if information regarding medication allergies were contained in his medical records, Defendants failure to read his medical record does not constitute deliberate indifference. *See Anger v. Chung*, No. 13-12143, 2014 WL 859717, at *16 (E.D. Mich. Mar. 5, 2014) (defendant doctor's failure to read plaintiff's medical records does not constitute deliberate indifference) (citations omitted). Defendants' knowledge of the circumstances and serious risk is essential to a finding of deliberate indifference. "'Thus, an official's failure to alleviate significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.'" *Miller v. Calhoun Cty*., 408 F.3d 803, 813 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 838).

[4] To the extend that Plaintiff is attempting to assert a § 1983 claim against Hannah based upon his position as GCI's healthcare administrator, his single allegation that Mitchell dispensed and/or Snowden administered incorrect medication with Hannah's approval is insufficient to do so. In *Hays v. Jefferson Cty., Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), the Sixth Circuit held that in order

claims that he suffered a severe allergic reaction and was transferred to OSU Medical Center. (*Id.* ¶ 13). Plaintiff further alleges that when he returned to GCI at an unspecified time, Mitchell, Snowden, and Hannah again administered the "wrong drug" to which Plaintiff was allergic, but they asserted that "the drug was prescribed by Defendant Douglas." (*Id.* ¶ 15).

These allegations are insufficient to state a plausible Eighth Amendment claim against Snowden, Mitchell, or Hannah. Even assuming the truth of Plaintiff's allegation that Mitchell dispensed and Snowden and Hannah administered incorrect medication for his glaucoma, Plaintiff alleges no facts suggesting that in so doing, these defendants possessed a "'sufficiently culpable state of mind,' rising above negligence or even gross negligence" that was "'tantamount to intent to punish.'" *Broyles*, 478 F. App'x at 975.

First, Plaintiff's claim that Snowden, Mitchell, and Hannah stated the medication they were administering was prescribed by Douglas[5] does not support a plausible deliberate indifference claim because they lacked a subjective perception of facts from which to infer a substantial risk of harm to Plaintiff. *See Waddell v. Lloyd*, No. 16-14078, 2019 WL 1354253, at *5 (E.D. Mich. Mar. 26, 2019) (nurse did not consciously disregard risk to prisoner when she followed doctor's orders to administer medication and monitor inmate's drug withdrawal) (citing *Bauer v. Kramer*, 424 F.

---

to be liable under § 1983, a supervisor must at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. A failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays*, 668 F.3d at 874)). A supervisor cannot be held liable under § 1983 based on the theory of *respondeat superior. Browning v. Pennerton,* 633 F. Supp. 2d 415, 431 (E.D. Ky. 2009) (citation omitted). Plaintiff's single conclusory allegation that Hannah "approved" the administration of incorrect medication is insufficient to establish supervisory liability under § 1983.

[5] According to the grievance documentation filed by Plaintiff with the Complaint, as of March 22, 2018, the doctor's current orders were for Dorzolamide, and Timolol eye drops were held. (ECF No. 1-6 at 1).

App'x 917, 919 (11th Cir. 2011) (holding that "a nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication to an inmate")).

Second, even if Plaintiff's alleged allergy information was accurately documented in his medical record, Snowden, Mitchell, and Hannah's failure to read his record is not sufficient to support a deliberate indifference claim. *See Anger v. Chung*, No. 13-12143, 2014 WL 859717, at *16 (E.D. Mich. Mar. 5, 2014) (defendant doctor's failure to read plaintiff's medical records does not constitute deliberate indifference) (citations omitted). Nor does the dispensing and administration of incorrect medication. *Barnett v. Luttrell*, 414 F. App'x 784, 788 (6th Cir. 2011) (administration by nurse of anti-seizure medication rather than ibuprofen constituted, at most, medical malpractice); *see also James v. Fed. Bureau of Prisons*, 79 F. App'x 417, 418-19 (10th Cir. 2003) (plaintiff failed to allege an Eighth Amendment deliberate indifference claim against defendants where pharmacist dispensed a tetanus injection (to which plaintiff was allergic) instead of a TB skin test despite medical staff's awareness of inmate's allergy to penicillin because there was no allegation in the complaint that the defendants were aware the wrong substance had been dispensed and, upon discovering the allergic reaction, prison staff provided medical treatment).

At most, Plaintiff's allegations regarding Mitchell, Snowden, and Hannah assert a claim for medical malpractice, not deliberate indifference. Indeed, in the GCI grievances Plaintiff attaches to the Complaint, he states that the solution to the problem of dispensing and administering allegedly incorrect medication is training: "This can be resolved by requiring immediate training to all ODRC medical personnel, especially the pharmacist at GCI who has an ongoing history of giving prisoners the wrong medications," and "This can be resolved by providing proper training to all ODRC medical personnel, staff or contract, to ensure that correct medications are prescribed and

discontinued medications are not re-issued." (ECF No. 1-7 at 1). And in his motion for appointment of counsel, Plaintiff identifies this action as a medical malpractice suit. (ECF No. 4). The subjective component of an Eighth Amendment deliberate indifference claim, which Plaintiff does not establish here, "'is meant to prevent the constitutionalization of medical malpractice claims.'" *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 550 (6th Cir. 2009) (quoting *Comstock*, 273 F.3d at 703).

Here, Plaintiff fails to state a plausible § 1983 claim against Snowden, Mitchell, and Hannah for deliberate indifference in violation of the Eighth Amendment, and those claims are dismissed pursuant to § 1915(e)(2).

### Nurse Chris and unknown doctors and nurses

Plaintiff claims that Nurse Chris, and unknown doctors and nurses at Franklin Medical Center administered "the wrong drug" despite being advised by him that he was allergic to Atropine and ignoring the contents of his medical records. (Compl. ¶ 14). It is unclear from this allegation what drug was administered to Plaintiff at Franklin Medical Center. But even assuming that the drug administered was Atropine, for the same reasons discussed above, this single allegation against Nurse Chris and unknown doctors and nurses is insufficient to establish a plausible § 1983 claim for deliberate indifference in violation of the Eighth Amendment, and those claims are dismissed pursuant to § 1915(e)(2).

### Official capacity claims

Plaintiff's claims against Defendants are asserted in their individual and official capacities. The Court has addressed Plaintiff's individual capacity claims, *supra*.

Plaintiff alleges that Defendants are direct or contract employees of the ODRC. (Compl. ¶ 4). For a defendant to be liable under § 1983, the defendant must be a "person" for the purpose of

§ 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Nor is the ODRC, as an agency of the State of Ohio, a person subject to suit under § 1983. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (applying Eleventh Amendment immunity to state agencies and instrumentalities); *Will*, 491 U.S. at 70-71 (a state agency is not a "person" subject to suit under § 1983). Moreover, the Eleventh Amendment bars § 1983 actions against a State unless the State has waived its immunity or unless Congress exercised its power to override that immunity. *Id*. at 66; *Ernst v. Rising,* 427 F.3d 351, 358-59 (6th Cir. 2005) (states are immune from suit absent waiver of immunity or abrogation of immunity by Congress). In passing § 1983, Congress did not disturb the States' Eleventh Amendment immunity, and the State of Ohio has not waived its immunity from suit in federal court to § 1983 suits for money damages. *Will*, 491 U.S. at 66 (citation omitted); *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 726 (S.D. Ohio 2012) (citing *Turker v. Ohio Dep't. of Rehab. and Corr.,* 157 F.3d 453, 457 (6th Cir. 1998)).

Defendants acting in their official capacities are not persons under § 1983 and are immune from suit pursuant to the Eleventh Amendment. Accordingly, Plaintiff's § 1983 claims for money damages against Defendants in their official capacities are not legally plausible, and are dismissed pursuant to § 1915(e)(2).

With respect to Plaintiff's official capacity claims against Defendants for injunctive relief, those claims are not barred by the Eleventh Amendment and are not considered suits against the state. *See Will*, 491 U.S. at 71, n.10; *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Plaintiff asks this court to require Defendants to cease the conduct complained of with respect to himself and

others similarly situated,[6] to provide him with adequate medical care, and to issue an order protecting him from retaliation in any form by Defendants.[7] (Compl. at 6-7).

For the reasons discussed above, the court has dismissed Plaintiff's individual capacity claims against Defendants for failure to state a plausible § 1983 claim for deliberate indifference in violation of the Eighth Amendment. In the absence of an underlying constitutional violation, there can be no official capacity liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Moreover, "[t]o establish liability in an official capacity suit under section 1983 a Plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom, or that the official possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner." *Lupo v. Voinovich*, 235 F. Supp. 2d 782, 791 (S.D. Ohio 2002) (citing *Nix v. Norman,* 879 F.2d 429, 433 (8th Cir. 1989)). Here, Plaintiff does not claim that Defendants' alleged unconstitutional conduct was the result of a policy or custom of the ODRC or State of Ohio.

---

[6] "It is well-established that plaintiff ... may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners." *Proctor v. Applegate*, No. 07-12414, 2008 WL 2478331, at *1 n.3 (E.D. Mich. June 16, 2008) (collecting cases).

[7] Plaintiff seeks prospective relief concerning retaliation by Defendants. But Plaintiff's request that he not be subject to retaliation in any form in the future is speculative and, therefore, insufficient to warrant injunctive relief. *See Jones v. Hillend*, No. 5:10CV-P221-R, 2011 WL 1660560, at *2 (W.D. Ky. May 2, 2011) (denying prisoner's request for injunctive relief regarding future retaliation as speculative and merely hypothetical at this time) (citing *O'Shea v. Littleton,* 414 U.S. 488, 494-96 (1974)).

## IV.  CONCLUSION

For the foregoing reasons, this case is hereby dismissed pursuant to § 1915(e)(2).  Plaintiff's motion for appointment of counsel is moot, and denied as such.  (ECF No. 4).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 18, 2019

---

[8] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.